Paul F. Rafferty (State Bar No. 132266)
*pfrafferty@jonesday.com*
Eric M. Kennedy (Bar No. 228393)
*emkennedy@jonesday.com*
Rhianna S. Bauer (Bar No. 266396)
*rsbauer@jonesday.com*
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
GATEWAY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC.,<br><br>Defendant. | Case No. SACV09-01366 DMG (MLGx)<br><br>Assigned for all purposes to Hon. Dolly M. Gee<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: November 23, 2009 |

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research and development, technology or other proprietary or sensitive financial or sales information of Defendant Gateway, Inc., which have been developed and created as a result of substantial time, resources and expense and which, if disclosed, would give others a competitive advantage or otherwise injure Defendant;

WHEREAS, such sensitive information should not be released into the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties;

1  WHEREAS, the parties have agreed upon the following Order, which, *inter alia*, adopts the provisions from Civil Local Rule 79-5 relating to filing designated materials under seal; and

WHEREAS, the parties have, through counsel, agreed to be bound by and stipulated to the entry of the following [Proposed] Protective Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

FOR THE FOREGOING REASONS IT IS HERE BY STIPULATED, that the Court order the parties to be bound by the terms of the [Proposed] Protective Order:

## [PROPOSED] PROTECTIVE ORDER

1. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential or highly confidential. The parties further acknowledge, as set forth below, that this Protective Order does not create any entitlement to file CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under seal; all federal and local rules must be followed and those rules reflect the standards that will be applied when a party seeks permission from the court to file material under seal.

2. The protections conferred by this Protective Order cover not only CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal CONFIDENTIAL INFORMATION or HIGHLY

Case 8:09-cv-01366-DMG-AJW Document 25 Filed 06/23/10 Page 3 of 20 Page ID #:242

1  CONFIDENTIAL INFORMATION (collectively, "PROTECTED
2  INFORMATION").

3      3.    Even after termination of this litigation, the confidentiality obligations
4  imposed by this Protective Order shall remain in effect until the parties agree
5  otherwise in writing or a court order otherwise directs.

6      4.    "CONFIDENTIAL INFORMATION" shall mean any information,
7  documents, testimony or things furnished or utilized in the course of this litigation
8  matter containing confidential, proprietary and/or trade secret information, that the
9  producing party, in good faith, deems confidential and designates as such by
10 marking each such page with the legend "CONFIDENTIAL" or "CONFIDENTIAL
11 SUBJECT TO PROTECTIVE ORDER."  Except as permitted by further order of
12 the Court, or by subsequent written agreement of the producing party, such
13 designated documents or testimonial information shall be received by counsel of
14 record for a party pursuant to the terms and conditions of this Protective Order.

15     5.    "HIGHLY CONFIDENTIAL INFORMATION" shall mean any
16 information, documents, testimony or things furnished or utilized in the course of
17 this litigation matter containing highly confidential, proprietary and/or trade secret
18 information, that the producing party, in good faith, deems highly confidential and
19 designates as such by marking each such page with the legend "HIGHLY
20 CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
21 ONLY."  Except as permitted by further order of the Court, or by subsequent
22 written agreement of the producing party, such designated documents or testimonial
23 information shall be received by counsel of record for a party pursuant to the terms
24 and conditions of this Protective Order.

25     6.    With regard to any written discovery response, the person or entity
26 shall designate those portions of the written discovery response containing
27 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
28 INFORMATION by marking such page with the appropriate designation.

IRI-7245v4
Gateway/Lima - Stipulation for Protective Order    - 3 -

1     7. If, in the course of this litigation matter, depositions are conducted that
2 involve CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
3 INFORMATION, counsel for the witness or the producing party may designate, on
4 the record, the portion of the deposition that counsel believes may contain
5 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
6 INFORMATION. If such designation is made, those portions of said depositions
7 involving such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
8 INFORMATION will be taken with no one present except those persons who are
9 authorized to have access to such CONFIDENTIAL INFORMATION or HIGHLY
10 CONFIDENTIAL INFORMATION in accordance with this Protective Order. The
11 producing party shall have until 30 days after receipt of the deposition transcript
12 within which to inform all parties to this litigation matter of any additional portions
13 of the transcript (by specific page and line reference) that are to be designated as
14 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
15 INFORMATION. Unless otherwise agreed by counsel, the right to make such
16 designation shall be waived unless made within the 30 day period. Transcripts of
17 testimony, or portions thereof, or documents containing the CONFIDENTIAL
18 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be filed
19 only under seal as described in Paragraph 15 below until further order of the Court.
20 If any party believes that any portion of any document, written discovery response
21 or deposition transcript should not be designated as CONFIDENTIAL
22 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that party may
23 challenge said designation as provided by Paragraph 18 below.
24     8. ALL CONFIDENTIAL INFORMATION or HIGHLY
25 CONFIDENTIAL INFORMATION produced or exchanged in the course of this
26 litigation matter, whether by a party or some other person, shall be used solely for
27 the purpose of the preparation and trial of this litigation matter and any appeals
28 therefrom and for no other purpose whatsoever, absent further order of the Court.

CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not be disclosed to any person except in accordance with the terms and conditions of this Protective Order or by the written consent of the producing party or other person originally designating the information.

9. This Protective Order does not govern, and shall not affect, the right of any party to disclose or use material or information that it properly obtained independently. Nor does this Protective Order preclude the parties from asserting any claims of privilege, including, but not limited to, claims of privilege with respect to attorney-client communications, work product protection, joint defense privilege, trade secrets or other proprietary information. This Protective Order shall not apply to any document, or CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION contained therein, which is available publicly, or which is a matter of public record on file with any court or governmental or regulatory agency or broad, or which is or becomes available to a party by lawful or unrestricted means.

10. Any CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Protective Order shall not be disclosed to any person other than the Court, and its personnel, and to those persons listed in the subparagraphs below, who shall use such CONFIDENTIAL INFORMATION solely in the prosecution, defense, and analysis of the above-referenced case and for no other litigation, business or other purpose.

  a. Counsel of record for any party, including support personnel of counsel. Upon notice of entry of appearance, any additional counsel of record shall automatically be added to this paragraph without the need to further petition the Court;

  b. The officers, directors, and employees (including in-house counsel) of any party to whom disclosure is reasonably necessary for this litigation;

  c. Any person who has prepared or assisted in the preparation of the CONFIDENTIAL INFORMATION, or to whom such CONFIDENTIAL INFORMATION was addressed or delivered;

  d. Any person who would otherwise be entitled to review the CONFIDENTIAL INFORMATION as a result of federal or state laws, regulations, or court orders, provided, however, that the production of such CONFIDENTIAL INFORMATION pursuant to court order, subpoena, or a request for production of documents in any other action is subject to the limitations set forth in Paragraph 20 below;

  e. Experts and consultants who are engaged for the purpose of providing services to a party to this litigation;

  f. Any witness or prospective witness that is or is expected to be deposed or to testify in Court or by affidavit in this litigation;

  g. Any third party for the limited purpose of copying documents or providing messenger services for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action and any appeals therefrom.  CONFIDENTIAL INFORMATION in the possession of third parties as provided by this subsection shall be deemed to be in possession of counsel releasing such CONFIDENTIAL INFORMATION, who shall remain responsible for assuring compliance with this Protective Order while the documents are in possession of such third parties;

  h. The Court, Court officials, any special master, referee, or mediator or arbitrator appointed by the Court or selected by the parties to assist in the resolution of this action;

  i. Court reporters (including persons operating video recording equipment at depositions) who record testimony taken in the course of this action; and

  j. Counsel representing any insurer of any party.

11. CONFIDENTIAL INFORMATION pursuant to this Protective Order shall not be made available to any person or entity designated in Subparagraphs 10(e), 10(f), and 10(i) unless he or she shall have first read this Protective Order and executed the Agreement to Be Bound attached hereto as Exhibit A. Each individual who has executed the Agreement to Be Bound shall be responsible for maintaining each such Agreement in accordance with the provisions of this Protective Order. Said Agreements shall be available for inspection and copying if requested.

12. Except with the written consent of the other parties or upon prior order of the Court obtained upon noticed motion, HIGHLY CONFIDENTIAL INFORMATION shall not be shown, delivered, or disclosed to any person other than:

a. Counsel for the respective parties to this litigation, including in-house counsel and co-counsel;

b. Employees of such counsel assigned to assist in the preparation of this litigation;

c. Employees of any professional photocopy service utilized by counsel in the preparation of this litigation;

d. Any author, recipient, or producing party of such HIGHLY CONFIDENTIAL INFORMATION;

e. The Court and any person employed by the Court whose duties require access to such material;

f. Any mediators or arbitrators jointly selected by the parties to assist in the resolution of this case;

g. Counsel representing any insurer or indemnitor of any party;

h. Any person who would otherwise be entitled to review the HIGHLY CONFIDENTIAL INFORMATION pursuant to court order, subpoena, or

IRI-7245v4
Gateway/Lima - Stipulation for Protective Order

- 7 -

a request for production of documents in any other action is subject to the limitations set forth in Paragraph 20 below;

    i.    Any expert or consultant retained by counsel for the prosecution or defense of this litigation;

    j.    Any current or former employee of the designating party at the deposition of such employee provided that such employee may be shown HIGHLY CONFIDENTIAL INFORMATION belonging only to the designating party by which such deponent is employed;

    k.    Court reporters and other person involved in recording deposition testimony in this action by any means; and,

    l.    Stenographic and clerical employees associated with the individuals described in paragraph 12(g) above.

13.    The procedure for counsel desiring to reveal HIGHLY CONFIDENTIAL INFORMATION to experts or consultants who are employed by a competitor of Gateway shall be as follows:

    a.    The party seeking to reveal such HIGHLY CONFIDENTIAL INFORMATION shall, prior to disclosure, provide the following information to the designating party:

    i.    The name of the expert or consultant who is employed by a competitor of Defendant Gateway, Inc. (as identified in Exhibit B), to whom such party desires to reveal HIGHLY CONFIDENTIAL INFORMATION; and

    ii.    The name of the present employer and title of such expert or consultant.

    b.    In addition, the party seeking to reveal HIGHLY CONFIDENTIAL INFORMATION shall obtain a signed copy of the Agreement To Be Bound By Protective Order (Exhibit A), from such expert or consultant, stating that the person has read this Protective Order, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court

1  in any proceedings relative to enforcement of the Protective Order. Counsel shall
2  maintain a complete record of every original signed Agreement To Be Bound By
3  Protective Order obtained from any person pursuant to this paragraph.

4          c.      Within ten days of receipt of the information and a signed copy
5  of the Agreement To Be Bound By Protective Order described in subparagraphs (a)
6  & (b), the designating party may object to the disclosure of HIGHLY
7  CONFIDENTIAL INFORMATION to the expert or consultant to whom the
8  requesting party seeks to disclose such HIGHLY CONFIDENTIAL
9  INFORMATION if the designating party believes that there is a reasonable
10  likelihood that such expert or consultant may use the HIGHLY CONFIDENTIAL
11  INFORMATION for purposes other than the preparation or trial of this case.
12  Failure to object in writing within ten days to the proposed disclosure of HIGHLY
13  CONFIDENTIAL INFORMATION to an expert or consultant proposed by the
14  requesting party shall be deemed a consent to such disclosure.

15          d.      If an objection to the disclosure of HIGHLY CONFIDENTIAL
16  INFORMATION to an expert or consultant to whom the requesting party seeks to
17  disclose such HIGHLY CONFIDENTIAL INFORMATION pursuant to this
18  paragraph is not resolved within ten days of service of the written notice of
19  objection described in subparagraph (c), the designating party shall file a motion
20  with respect to such objection within twenty days of service of the notice of
21  objection. The disclosure of HIGHLY CONFIDENTIAL INFORMATION to such
22  proposed expert or consultant shall be withheld pending the ruling of the Court on
23  any such motion.

24          e.      If there is any urgency concerning the disclosure of documents
25  to a person, any party may move, *ex parte*, for an expedited determination
26  concerning such disclosure.

27      14.      Counsel desiring to reveal HIGHLY CONFIDENTIAL
28  INFORMATION to any persons pursuant to subparagraphs 12(i) above shall,

1  unless having already done so pursuant to paragraph 11 above, secure from each
2  such person, prior to disclosure of any items subject to the restrictions of this
3  Protective Order, a signed Agreement To Be Bound By Protective Order (Exhibit
4  A) stating that the person has read this Protective Order, understands its provisions,
5  agrees to be bound thereby, and agrees to be subject to the jurisdiction of this court
6  in any proceedings relative to the enforcement of this Protective Order.  Counsel
7  shall maintain a complete record of every original signed Agreement To Be Bound
8  By Protective Order obtained from any person pursuant to this paragraph.
9  HIGHLY CONFIDENTIAL INFORMATION may be disclosed to a witness in a
10 deposition if the party who designated the HIGHLY CONFIDENTIAL
11 INFORMATION is represented at the deposition or has been given notice that the
12 HIGHLY CONFIDENTIAL INFORMATION produced by the party may be used
13 and has not objected to such use.  In such case, the deponent must also sign an
14 Agreement To Be Bound By Protective Order.  Except for experts and consultants
15 retained by counsel for the prosecution or defense of this litigation, witnesses
16 shown HIGHLY CONFIDENTIAL INFORMATION shall not be allowed to retain
17 copies.
18      15.    A party seeking to file PROTECTED INFORMATION with the Court
19 must comply with Local Rule 79-5.1.  The party desiring to place any
20 PROTECTED INFORMATION before the Court shall lodge the information in a
21 sealed envelope along with an application to file the papers or the portion thereof
22 containing PROTECTED INFORMATION under seal (if such portion is
23 segregable) and a copy of a Proposed Order Sealing Documents.  Said envelope
24 shall be endorsed with the title of this action, an indication of the nature of the
25 contents of such sealed envelope, the identity of the party filing the materials, the
26 phrase "CONFIDENTIAL INFORMATION," and a statement substantially in the
27 following form:
28         THIS ENVELOPE CONTAINS MATERIALS SUBJECT

TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.  UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

In the event the Court denies any request to file information under seal, that information, after having been considered by the Court, shall be returned to the party that lodged it.

16. Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for use as permitted by this Protective Order and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order as the documents from which they are derived.  Further, nothing herein shall restrict a qualified recipient from converting or translating such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION into machine-readable form for incorporation in a data retrieval system used in connection with the litigation, provided that access to such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, in whatever form stored or reproduced, shall be limited to recipients qualified under this Protective Order.

17. If a party through inadvertence produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling, marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  The receiving party then will be obligated to treat the

1  designed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
2  INFORMATION as such.

3      18.   A party shall not be obligated to challenge the propriety of a
4  "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL
5  INFORMATION" designation at the time made, and failure to do so shall not
6  preclude a subsequent challenge thereto during the pendency of this litigation.  In
7  the event that any party to this litigation disagrees at any stage of these proceedings
8  with such designation, such party may provide to the providing party written notice
9  of its disagreement with the designation.  The parties shall first try to resolve such
10  dispute in good faith and pursuant to this Court's Local Rule 37-1.  If the dispute
11  cannot be resolved, the party challenging the designation may request appropriate
12  relief as set forth in this Court's Local Rule 37-2 from the Court.  The burden of
13  proving that information has been properly designated as "CONFIDENTIAL
14  INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" is on the
15  providing party.  Any challenged designation remains in force until the propriety of
16  such designation has been determined, either by agreement of the parties or by
17  order of the Court as outlined above.

18      19.   Nothing in this Protective Order shall abridge the right of any person
19  to seek any order or other appropriate relief which modifies or amends this
20  Protective Order.

21      20.   Any person or party subject to this Protective Order or having notice
22  of this Protective Order, that has possession, custody or control of any
23  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
24  INFORMATION who receives a subpoena or other process or order to produce
25  such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
26  INFORMATION, shall notify by facsimile or overnight delivery within two
27  business days of receipt of a subpoena the counsel of record of the party or person
28  claiming such confidential treatment of the documents sought by such subpoena or

1 other process or order and shall furnish those counsel of record with a copy of said
2 subpoena or other process or order. The subpoenaed party shall not produce the
3 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
4 INFORMATION any sooner than 30 days from the date of the transmission of the
5 facsimile or overnight delivery notification, unless otherwise ordered by the court,
6 to allow the party asserting confidential treatment of the documents sought by the
7 subpoena to take any action it deems necessary. The party asserting the
8 confidential treatment shall have the burden of defending against such subpoena,
9 process or order. The person or party receiving the subpoena or other process or
10 order shall be entitled to object or comply with it to the extent permitted by law,
11 unless and until ordered otherwise by the Court.

      21.    Unless otherwise agreed in writing or by order of the Court:

          a.    Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

          b.    This Protective Order shall not diminish any existing obligation or right with respect to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, nor shall it prevent a disclosure to which the producing party consents in which before the disclosure takes place.

          c.    The fact that a party has or has not designated a document as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order shall not be admissible for any purpose.

      22.    Any non-party to this litigation matter who shall be called upon to make discovery or provide deposition or other testimony in this litigation matter shall be entitled to avail itself of this Protective Order and supply its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

1  INFORMATION pursuant to this Protective Order and, by doing so, assume the
2  duties and obligations imposed by this Protective Order.
3      23.    This Protective Order shall survive the final determination of the
4  litigation and shall remain in full force and effect after the conclusion of all
5  proceedings herein to provide the Court with ancillary jurisdiction to enforce its
6  terms and to insure compliance.
7      24.    Unless otherwise ordered or agreed to in writing, within thirty days
8  after the final termination of this action, each party must return all
9  CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL
10 INFORMATION to the producing party or destroy such information.  Whether the
11 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
12 INFORMATION is returned or destroyed, the party who returns or destroys the
13 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
14 INFORMATION will certify its actions in writing to the designating party or third
15 party.  Notwithstanding this provision, counsel for the parties, or an insurer, if it is a
16 party, are entitled to retain an archival copy of their case/claim file even if certain
17 contents thereof contain CONFIDENTIAL INFORMATION or HIGHLY
18 CONFIDENTIAL INFORMATION.  Any such archival copies that contain or
19 constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
20 INFORMATION will remain subject to this Protective Order.
21     25.    If a party learns that, by inadvertence or otherwise, it has disclosed
22 CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
23 INFORMATION to any person or in any circumstance not authorized under this
24 Protective Order, the party must immediately: (a) notify in writing the party or third
25 party that designated the CONFIDENTIAL INFORMATION or HIGHLY
26 CONFIDENTIAL INFORMATION of the unauthorized disclosures, (b) use its best
27 efforts to retrieve all copies of the CONFIDENTIAL INFORMATION or HIGHLY
28 CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom

1  unauthorized disclosures were made of all the terms of this Protective Order, and
2  (d) request that such person or persons execute the Agreement to be Bound by
3  Protective Order, attached hereto as Exhibit A.

4      26.    Pending execution by the Court of this Protective Order, the parties
5  hereto agree to be bound by all provisions set forth herein.

6  **IT IS SO STIPULATED.**

7  Dated: _June 23_, 2010        JONES DAY

9                                                        By: _____
                                                          Paul F. Rafferty
                                                          Eric M. Kennedy

                                                          Attorneys for Defendants
                                                          GATEWAY, INC.

13  Dated: _June 22_, 2010        FINKELSTEIN THOMPSON LLP

                                                          By: _____
                                                          Rosemary M. Rivas
                                                         Tracy H. Tien

                                                          Attorneys for Plaintiff
                                                          MARK LIMA

EXHIBIT A

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have been provided with a copy of the Stipulation and Protective Order for Confidential Information ("Order") entered in the above-captioned case and that I understand the terms, conditions and restrictions it imposes on any person given access to "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION." I recognize that I am bound by the terms of that Order, and agree to comply with those terms.

I will not disclose "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____.

_____      _____
Print Name                                                              Signature

_____      _____
Address                                                                    Individual or Entity Represented

# EXHIBIT B

# **EXHIBIT B**

Pursuant to Paragraph 13 of the parties' Stipulated Protective Order, Plaintiff will not disclose HIGHLY CONFIDENTIAL information (as defined in Paragraph 5 of the Stipulated Protective Order) to experts or consultants employed by, or doing business with any of the following competitors (including parents, subsidiaries, or affiliates thereof) of Defendant without first disclosing to Defendant the expert or consultant's name, present employer, and title.  This list may be revised by Defendant as necessary and with appropriate notice to Plaintiff.

Hewlett Packard

Dell

Lenovo

ASUS

Toshiba

MSI

Apple

NEC

Sony

Fujitsu-Siemens

## **CERTIFICATE OF SERVICE**

I, Linda Tapia, certify that on June 23, 2010, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants:

Rosemary M. Rivas        rrivas@finkelsteinthompson.com

Tracy H. Tien        ttien@finkelsteinthompson.com

Gordon M. Fauth, Jr.        gmf@classlitigation.com

Alexis A. Phocas    aap@classlitigation.com

*s/ Linda Tapia*

Linda Tapia

IRI-7245v4
Gateway/Lima - Stipulation for Protective Order