1   Paul F. Rafferty (State Bar No. 132266)
    *pfrafferty@jonesday.com*
2   Eric M. Kennedy (Bar No. 228393)
    *emkennedy@jonesday.com*
3   Rhianna S. Bauer (Bar No. 266396)
    *rsbauer@jonesday.com*
4   JONES DAY
    3161 Michelson Drive, Suite 800
5   Irvine, CA 92612
    Telephone:  (949) 851-3939
6   Facsimile:   (949) 553-7539

7   Attorneys for Defendant
    GATEWAY, INC.
8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11
    MARK D. LIMA, on behalf of himself      Case No. SACV09-01366 DMG
12  and all others similarly situated,      (MLGx)

13             Plaintiff,                    Assigned for all purposes to
                                             Hon. Dolly M. Gee
14       v.
                                             **[PROPOSED] ORDER PURSUANT
15  GATEWAY, INC.,                           TO THE JOINT STIPULATION OF
                                             THE PARTIES**
16             Defendant.

17                                           Complaint Filed: November 23, 2009

18

19       Having reviewed the Joint Stipulation filed by the Parties on June 23, 2010,

20  and good cause appearing therefore, the Court hereby Orders:

21       1.     The parties acknowledge that this Protective Order does not confer

22  blanket protections on all disclosures or responses to discovery and that the

23  protection it affords extends only to the limited information or items that are

24  entitled under the applicable legal principles to treatment as confidential or highly

25  confidential.  The parties further acknowledge, as set forth below, that this

26  Protective Order does not create any entitlement to file CONFIDENTIAL

27  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under seal; all

28  federal and local rules must be followed and those rules reflect the standards that

1    will be applied when a party seeks permission from the court to file material under

2    seal.

3          2.      The protections conferred by this Protective Order cover not only

4    CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

5    INFORMATION, but also any information copied or extracted therefrom, as well

6    as all copies, excerpts, summaries, or compilations thereof, plus testimony,

7    conversations, or presentations by parties or counsel to or in court or in other

8    settings that might reveal CONFIDENTIAL INFORMATION or HIGHLY

9    CONFIDENTIAL INFORMATION (collectively, "PROTECTED

10    INFORMATION").

11          3.      Even after termination of this litigation, the confidentiality obligations

12    imposed by this Protective Order shall remain in effect until the parties agree

13    otherwise in writing or a court order otherwise directs.

14          4.      "CONFIDENTIAL INFORMATION" shall mean any information,

15    documents, testimony or things furnished or utilized in the course of this litigation

16    matter containing confidential, proprietary and/or trade secret information, that the

17    producing party, in good faith, deems confidential and designates as such by

18    marking each such page with the legend "CONFIDENTIAL" or "CONFIDENTIAL

19    SUBJECT TO PROTECTIVE ORDER."  Except as permitted by further order of

20    the Court, or by subsequent written agreement of the producing party, such

21    designated documents or testimonial information shall be received by counsel of

22    record for a party pursuant to the terms and conditions of this Protective Order.

23          5.      "HIGHLY CONFIDENTIAL INFORMATION" shall mean any

24    information, documents, testimony or things furnished or utilized in the course of

25    this litigation matter containing highly confidential, proprietary and/or trade secret

26    information, that the producing party, in good faith, deems highly confidential and

27    designates as such by marking each such page with the legend "HIGHLY

28    CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

1   ONLY." Except as permitted by further order of the Court, or by subsequent
2   written agreement of the producing party, such designated documents or testimonial
3   information shall be received by counsel of record for a party pursuant to the terms
4   and conditions of this Protective Order.
5       6.      With regard to any written discovery response, the person or entity
6   shall designate those portions of the written discovery response containing
7   CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
8   INFORMATION by marking such page with the appropriate designation.
9       7.      If, in the course of this litigation matter, depositions are conducted that
10  involve CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
11  INFORMATION, counsel for the witness or the producing party may designate, on
12  the record, the portion of the deposition that counsel believes may contain
13  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
14  INFORMATION.  If such designation is made, those portions of said depositions
15  involving such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
16  INFORMATION will be taken with no one present except those persons who are
17  authorized to have access to such CONFIDENTIAL INFORMATION or HIGHLY
18  CONFIDENTIAL INFORMATION in accordance with this Protective Order.  The
19  producing party shall have until 30 days after receipt of the deposition transcript
20  within which to inform all parties to this litigation matter of any additional portions
21  of the transcript (by specific page and line reference) that are to be designated as
22  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
23  INFORMATION.  Unless otherwise agreed by counsel, the right to make such
24  designation shall be waived unless made within the 30 day period.  Transcripts of
25  testimony, or portions thereof, or documents containing the CONFIDENTIAL
26  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be filed
27  only under seal as described in Paragraph 15 below until further order of the Court.
28  If any party believes that any portion of any document, written discovery response

1   or deposition transcript should not be designated as CONFIDENTIAL

2   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, that party may

3   challenge said designation as provided by Paragraph 18 below.

4        8.    ALL CONFIDENTIAL INFORMATION or HIGHLY

5   CONFIDENTIAL INFORMATION produced or exchanged in the course of this

6   litigation matter, whether by a party or some other person, shall be used solely for

7   the purpose of the preparation and trial of this litigation matter and any appeals

8   therefrom and for no other purpose whatsoever, absent further order of the Court.

9   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

10  INFORMATION shall not be disclosed to any person except in accordance with the

11  terms and conditions of this Protective Order or by the written consent of the

12  producing party or other person originally designating the information.

13       9.    This Protective Order does not govern, and shall not affect, the right of

14  any party to disclose or use material or information that it properly obtained

15  independently.  Nor does this Protective Order preclude the parties from asserting

16  any claims of privilege, including, but not limited to, claims of privilege with

17  respect to attorney-client communications, work product protection, joint defense

18  privilege, trade secrets or other proprietary information.  This Protective Order shall

19  not apply to any document, or CONFIDENTIAL INFORMATION or HIGHLY

20  CONFIDENTIAL INFORMATION contained therein, which is available publicly,

21  or which is a matter of public record on file with any court or governmental or

22  regulatory agency or broad, or which is or becomes available to a party by lawful or

23  unrestricted means.

24       10.   Any CONFIDENTIAL INFORMATION produced in accordance with

25  the provisions of this Protective Order shall not be disclosed to any person other

26  than the Court, and its personnel, and to those persons listed in the subparagraphs

27  below, who shall use such CONFIDENTIAL INFORMATION solely in the

28

prosecution, defense, and analysis of the above-referenced case and for no other litigation, business or other purpose.

a.     Counsel of record for any party, including support personnel of counsel.  Upon notice of entry of appearance, any additional counsel of record shall automatically be added to this paragraph without the need to further petition the Court;

b.     The officers, directors, and employees (including in-house counsel) of any party to whom disclosure is reasonably necessary for this litigation;

c.     Any person who has prepared or assisted in the preparation of the CONFIDENTIAL INFORMATION, or to whom such CONFIDENTIAL INFORMATION was addressed or delivered;

d.     Any person who would otherwise be entitled to review the CONFIDENTIAL INFORMATION as a result of federal or state laws, regulations, or court orders, provided, however, that the production of such CONFIDENTIAL INFORMATION pursuant to court order, subpoena, or a request for production of documents in any other action is subject to the limitations set forth in Paragraph 20 below;

e.     Experts and consultants who are engaged for the purpose of providing services to a party to this litigation;

f.     Any witness or prospective witness that is or is expected to be deposed or to testify in Court or by affidavit in this litigation;

g.     Any third party for the limited purpose of copying documents or providing messenger services for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action and any appeals therefrom.  CONFIDENTIAL INFORMATION in the possession of third parties as provided by this subsection shall be deemed to be in possession of counsel releasing such CONFIDENTIAL INFORMATION, who shall remain

1   responsible for assuring compliance with this Protective Order while the documents

2   are in possession of such third parties;

3          h.     The Court, Court officials, any special master, referee, or

4   mediator or arbitrator appointed by the Court or selected by the parties to assist in

5   the resolution of this action;

6          i.     Court reporters (including persons operating video recording

7   equipment at depositions) who record testimony taken in the course of this action;

8   and

9          j.     Counsel representing any insurer of any party.

10        11.   CONFIDENTIAL INFORMATION pursuant to this Protective Order

11   shall not be made available to any person or entity designated in Subparagraphs

12   10(e), 10(f), and 10(i) unless he or she shall have first read this Protective Order

13   and executed the Agreement to Be Bound attached hereto as Exhibit A.  Each

14   individual who has executed the Agreement to Be Bound shall be responsible for

15   maintaining each such Agreement in accordance with the provisions of this

16   Protective Order.  Said Agreements shall be available for inspection and copying if

17   requested.

18        12.   Except with the written consent of the other parties or upon prior order

19   of the Court obtained upon noticed motion, HIGHLY CONFIDENTIAL

20   INFORMATION shall not be shown, delivered, or disclosed to any person other

21   than:

22          a.     Counsel for the respective parties to this litigation, including in-

23   house counsel and co-counsel;

24          b.     Employees of such counsel assigned to assist in the preparation

25   of this litigation;

26          c.     Employees of any professional photocopy service utilized by

27   counsel in the preparation of this litigation;

28

1     d.     Any author, recipient, or producing party of such HIGHLY

2  CONFIDENTIAL INFORMATION;

3     e.     The Court and any person employed by the Court whose duties

4  require access to such material;

5     f.     Any mediators or arbitrators jointly selected by the parties to

6  assist in the resolution of this case;

7     g.     Counsel representing any insurer or indemnitor of any party;

8     h.     Any person who would otherwise be entitled to review the

9  HIGHLY CONFIDENTIAL INFORMATION pursuant to court order, subpoena, or

10  a request for production of documents in any other action is subject to the

11  limitations set forth in Paragraph 20 below;

12     i.     Any expert or consultant retained by counsel for the prosecution

13  or defense of this litigation;

14     j.     Any current or former employee of the designating party at the

15  deposition of such employee provided that such employee may be shown HIGHLY

16  CONFIDENTIAL INFORMATION belonging only to the designating party by

17  which such deponent is employed;

18     k.     Court reporters and other person involved in recording

19  deposition testimony in this action by any means; and,

20     l.     Stenographic and clerical employees associated with the

21  individuals described in paragraph 12(g) above.

22     13.     The procedure for counsel desiring to reveal HIGHLY

23  CONFIDENTIAL INFORMATION to experts or consultants who are employed by

24  a competitor of Gateway shall be as follows:

25     a.     The party seeking to reveal such HIGHLY CONFIDENTIAL

26  INFORMATION shall, prior to disclosure, provide the following information to the

27  designating party:

28

1     i.  The name of the expert or consultant who is employed by

2 a competitor of Defendant Gateway, Inc. (as identified in Exhibit B), to whom such

3 party desires to reveal HIGHLY CONFIDENTIAL INFORMATION; and

4     ii.  The name of the present employer and title of such expert

5 or consultant.

6    b.  In addition, the party seeking to reveal HIGHLY

7 CONFIDENTIAL INFORMATION shall obtain a signed copy of the Agreement

8 To Be Bound By Protective Order (Exhibit A), from such expert or consultant,

9 stating that the person has read this Protective Order, understands its provisions,

10 agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court

11 in any proceedings relative to enforcement of the Protective Order.  Counsel shall

12 maintain a complete record of every original signed Agreement To Be Bound By

13 Protective Order obtained from any person pursuant to this paragraph.

14    c.  Within ten days of receipt of the information and a signed copy

15 of the Agreement To Be Bound By Protective Order described in subparagraphs (a)

16 & (b), the designating party may object to the disclosure of HIGHLY

17 CONFIDENTIAL INFORMATION to the expert or consultant to whom the

18 requesting party seeks to disclose such HIGHLY CONFIDENTIAL

19 INFORMATION if the designating party believes that there is a reasonable

20 likelihood that such expert or consultant may use the HIGHLY CONFIDENTIAL

21 INFORMATION for purposes other than the preparation or trial of this case.

22 Failure to object in writing within ten days to the proposed disclosure of HIGHLY

23 CONFIDENTIAL INFORMATION to an expert or consultant proposed by the

24 requesting party shall be deemed a consent to such disclosure.

25    d.  If an objection to the disclosure of HIGHLY CONFIDENTIAL

26 INFORMATION to an expert or consultant to whom the requesting party seeks to

27 disclose such HIGHLY CONFIDENTIAL INFORMATION pursuant to this

28 paragraph is not resolved within ten days of service of the written notice of

1   objection described in subparagraph (c), the designating party shall file a motion

2   with respect to such objection within twenty days of service of the notice of

3   objection.  The disclosure of HIGHLY CONFIDENTIAL INFORMATION to such

4   proposed expert or consultant shall be withheld pending the ruling of the Court on

5   any such motion.

6           e.      If there is any urgency concerning the disclosure of documents

7   to a person, any party may move, *ex parte*, for an expedited determination

8   concerning such disclosure.

9           14.     Counsel desiring to reveal HIGHLY CONFIDENTIAL

10   INFORMATION to any persons pursuant to subparagraphs 12(i) above shall,

11   unless having already done so pursuant to paragraph 11 above, secure from each

12   such person, prior to disclosure of any items subject to the restrictions of this

13   Protective Order, a signed Agreement To Be Bound By Protective Order (Exhibit

14   A) stating that the person has read this Protective Order, understands its provisions,

15   agrees to be bound thereby, and agrees to be subject to the jurisdiction of this court

16   in any proceedings relative to the enforcement of this Protective Order.  Counsel

17   shall maintain a complete record of every original signed Agreement To Be Bound

18   By Protective Order obtained from any person pursuant to this paragraph.

19   HIGHLY CONFIDENTIAL INFORMATION may be disclosed to a witness in a

20   deposition if the party who designated the HIGHLY CONFIDENTIAL

21   INFORMATION is represented at the deposition or has been given notice that the

22   HIGHLY CONFIDENTIAL INFORMATION produced by the party may be used

23   and has not objected to such use.  In such case, the deponent must also sign an

24   Agreement To Be Bound By Protective Order.  Except for experts and consultants

25   retained by counsel for the prosecution or defense of this litigation, witnesses

26   shown HIGHLY CONFIDENTIAL INFORMATION shall not be allowed to retain

27   copies.

28

15.     A party seeking to file PROTECTED INFORMATION with the Court must comply with Local Rule 79-5.1.  The party desiring to place any PROTECTED INFORMATION before the Court shall lodge the information in a sealed envelope along with an application to file the papers or the portion thereof containing PROTECTED INFORMATION under seal (if such portion is segregable) and a copy of a Proposed Order Sealing Documents.  Said envelope shall be endorsed with the title of this action, an indication of the nature of the contents of such sealed envelope, the identity of the party filing the materials, the phrase "CONFIDENTIAL INFORMATION," and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION.  IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.  UNLESS THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

In the event the Court denies any request to file information under seal, that information, after having been considered by the Court, shall be returned to the party that lodged it.

16.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION for use as permitted by this Protective Order and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order as the documents from which they are derived.  Further, nothing herein shall restrict a qualified recipient from converting or translating such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION into machine-readable form for incorporation in a data retrieval system used in connection with the litigation, provided that access to such CONFIDENTIAL INFORMATION or

1  HIGHLY CONFIDENTIAL INFORMATION, in whatever form stored or
2  reproduced, shall be limited to recipients qualified under this Protective Order.

3      17.    If a party through inadvertence produces any CONFIDENTIAL
4  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without
5  labeling, marking or otherwise designating it as such in accordance with the
6  provisions of this Protective Order, the producing party may give written notice to
7  the receiving party that the document or thing produced is deemed
8  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
9  INFORMATION and should be treated as such in accordance with the provisions
10 of this Protective Order.  The receiving party then will be obligated to treat the
11 designed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL
12 INFORMATION as such.

13     18.    A party shall not be obligated to challenge the propriety of a
14 "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL
15 INFORMATION" designation at the time made, and failure to do so shall not
16 preclude a subsequent challenge thereto during the pendency of this litigation.  In
17 the event that any party to this litigation disagrees at any stage of these proceedings
18 with such designation, such party may provide to the providing party written notice
19 of its disagreement with the designation.  The parties shall first try to resolve such
20 dispute in good faith and pursuant to this Court's Local Rule 37-1.  If the dispute
21 cannot be resolved, the party challenging the designation may request appropriate
22 relief as set forth in this Court's Local Rule 37-2 from the Court.  The burden of
23 proving that information has been properly designated as "CONFIDENTIAL
24 INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" is on the
25 providing party.  Any challenged designation remains in force until the propriety of
26 such designation has been determined, either by agreement of the parties or by
27 order of the Court as outlined above.

28

19.     Nothing in this Protective Order shall abridge the right of any person to seek any order or other appropriate relief which modifies or amends this Protective Order.

20.     Any person or party subject to this Protective Order or having notice of this Protective Order, that has possession, custody or control of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION who receives a subpoena or other process or order to produce such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, shall notify by facsimile or overnight delivery within two business days of receipt of a subpoena the counsel of record of the party or person claiming such confidential treatment of the documents sought by such subpoena or other process or order and shall furnish those counsel of record with a copy of said subpoena or other process or order.  The subpoenaed party shall not produce the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION any sooner than 30 days from the date of the transmission of the facsimile or overnight delivery notification, unless otherwise ordered by the court, to allow the party asserting confidential treatment of the documents sought by the subpoena to take any action it deems necessary.  The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  The person or party receiving the subpoena or other process or order shall be entitled to object or comply with it to the extent permitted by law, unless and until ordered otherwise by the Court.

21.     Unless otherwise agreed in writing or by order of the Court:

        a.      Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

        b.      This Protective Order shall not diminish any existing obligation or right with respect to CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, nor shall it prevent a disclosure to which the producing party consents in which before the disclosure takes place.

c.    The fact that a party has or has not designated a document as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under this Protective Order shall not be admissible for any purpose.

22.    Any non-party to this litigation matter who shall be called upon to make discovery or provide deposition or other testimony in this litigation matter shall be entitled to avail itself of this Protective Order and supply its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order and, by doing so, assume the duties and obligations imposed by this Protective Order.

23.    This Protective Order shall survive the final determination of the litigation and shall remain in full force and effect after the conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms and to insure compliance.

24.    Unless otherwise ordered or agreed to in writing, within thirty days after the final termination of this action, each party must return all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION to the producing party or destroy such information.  Whether the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is returned or destroyed, the party who returns or destroys the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will certify its actions in writing to the designating party or third party.  Notwithstanding this provision, counsel for the parties, or an insurer, if it is a party, are entitled to retain an archival copy of their case/claim file even if certain contents thereof contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Any such archival copies that contain or

1  constitute CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

2  INFORMATION will remain subject to this Protective Order.

3       25.    If a party learns that, by inadvertence or otherwise, it has disclosed

4  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

5  INFORMATION to any person or in any circumstance not authorized under this

6  Protective Order, the party must immediately: (a) notify in writing the party or third

7  party that designated the CONFIDENTIAL INFORMATION or HIGHLY

8  CONFIDENTIAL INFORMATION of the unauthorized disclosures, (b) use its best

9  efforts to retrieve all copies of the CONFIDENTIAL INFORMATION or HIGHLY

10  CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom

11  unauthorized disclosures were made of all the terms of this Protective Order, and

12  (d) request that such person or persons execute the Agreement to be Bound by

13  Protective Order, attached hereto as Exhibit A.

14       26.    Pending execution by the Court of this Protective Order, the parties

15  hereto agree to be bound by all provisions set forth herein.

16

17  IT IS SO ORDERED.

18  DATED: _____

19

20

21                                    _____

22                                    Honorable Marc L. Goldman
                                      U.S. Magistrate Judge

23

24

25

26

27

28

## **EXHIBIT A**

### **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have been provided with a copy of the Stipulation and Protective Order for Confidential Information ("Order") entered in the above-captioned case and that I understand the terms, conditions and restrictions it imposes on any person given access to "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION." I recognize that I am bound by the terms of that Order, and agree to comply with those terms.

I will not disclose "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" to anyone other than persons specifically authorized by the Order and agree to return all such materials that come into my possession to counsel from whom I received such materials.

I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _____.

_____        _____
Print Name                                              Signature

_____        _____
Address                                                   Individual or Entity Represented

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

Pursuant to Paragraph 13 of the parties' Stipulation for Protective Order, Plaintiff will not disclose HIGHLY CONFIDENTIAL information (as defined in Paragraph 5 of the Stipulated Protective Order) to experts or consultants employed by, or doing business with any of the following competitors (including parents, subsidiaries, or affiliates thereof) of Defendant without first disclosing to Defendant the expert or consultant's name, present employer, and title.  This list may be revised by Defendant as necessary and with appropriate notice to Plaintiff.

Hewlett Packard

Dell

Lenovo

ASUS

Toshiba

MSI

Apple

NEC

Sony

Fujitsu-Siemens