# EXHIBIT A

Rosemary M. Rivas (Cal. Bar No. 209147)
Email: rrivas@finkelsteinthompson.com
Danielle A. Stoumbos (Cal. Bar. No. 264784)
dstoumbos@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone (415) 398-8700/Facsimile (415) 398-8704

Gordon M. Fauth, Jr. (Cal. Bar No. 190280)
Email: gmf@classlitigation.com
Alexis A. Phocas (Cal. Bar No. 194481)
Email: aap@classlitigation.com
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone (510) 238-9610/Facsimile (510) 337-1431

*Attorneys for Individual and Representative Plaintiff Mark D. Lima*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC.,<br><br>Defendant. | Case No. SACV09-01366 DMG (MLGx)<br><br>Assigned for all purposes to Hon. Dolly M. Gee<br><br>**DECLARATION OF SHERI L. KELLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO GATEWAY, INC'S MOTION TO COMPEL ARBITRATION**<br>Date: August 12, 2011<br>Time: 3:00 p.m.<br>The Honorable: Dolly M. Gee<br>Ctrm: 7 |

KELLY DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO GATEWAY, INC.'S MOTION TO COMPEL ARBITRATION

Exhibit A
Page 5

| | | |
|---|---|---|
| GATEWAY, INC., a Delaware corporation, | Complaint Filed: | October 16, 2009 |
| | FACC Filed: | February 24, 2010 |
| Third-Party Plaintiff, | | |
| v. | | |
| TOP VICTORY INVESTMENTS LIMITED, a Hong Kong corporation, | | |
| Third-Party Defendant. | | |

KELLY DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO GATEWAY, INC.'S MOTION TO COMPEL ARBITRATION

I, Sheri L. Kelly, declare as follows:

1. I am a member in good standing of the California State Bar and have been licensed to practice in California since December 2003. Since my admission, I have at all times been a member in good standing of the California State Bar. I have never been the subject of any disciplinary proceeding. I am also admitted to practice in all California State Courts, the Ninth Circuit Court of Appeals, and the Northern, Central, Eastern and Southern District Courts of California.

2. My practice is primarily in litigation. For my entire legal career, I have mostly represented plaintiffs in matters involving violations of California's consumer protection statutes, breach of contract, fraud, and other common law and statutory claims. I represent both individual plaintiffs and have litigated class actions on behalf of plaintiff classes. My firm resume is attached to this declaration as Exhibit 1.

3. I have been asked in this case to offer my opinion as to whether consumers would be able to obtain counsel to pursue a case asserting individual, non-class claims such as the claims described in the First Amended Complaint in *Lima v. Gateway, Inc.* I am billing the hourly rate of $450 in connection with the submission of this declaration.

4. In preparing this declaration, I reviewed:

    a. The First Amended Complaint ("Complaint") in *Lima v. Gateway Inc., et al.*, SACV09-01366 DMG (MLGx) (C.D. Cal.).

    b. The "Dispute Resolution" clause contained in the document entitled "Gateway One Year Limited Warranty Agreement" ("Warranty Agreement"), attached as Exhibit 1 to the Declaration of Sharon Hogan, Docket No. 55-1.

1

KELLY DECLARATION IN OPPOSITION TO
GATEWAY, INC.'S MOTION TO COMPEL ARBITRATION

5. Before forming the opinions described in this declaration, I considered the nature of the Complaint's allegations and the nature of the evidence and discovery that would likely be reasonably necessary to establish and to prove those allegations. I also considered the arbitration clause's provisions concerning the costs and fees for arbitration, and the potential availability of attorneys' fees awards for potential claimants.

6. I am not a party in this case, and I am not counsel of record for any of the parties.

7. I utilize both hourly and contingency fee arrangements in my practice, depending on the case. I am often asked to pursue cases on a contingency basis. I estimate that I am asked to pursue a case on a contingency basis at least two or three times a month. By "contingency," I mean cases in which attorneys' fees and costs are obtained at the end of a case via a fee-shifting statute, or as a percentage of the total recovery.

8. I am well acquainted with the resources, time and money required to successfully pursue consumer claims against corporate defendants. Through my experiences litigating consumer protection cases and my contact with attorneys from jurisdictions and practices all over the country, I know the contours of this practice area and am capable of judging the legal merits and economic viability of potential consumer protection claims.

9. Because of the significant economic risks involved with pursuing contingency cases for a small firm such as mine, I am very selective about which contingency cases I accept. Among the factors I take into consideration in evaluating a contingency case, aside from the viability of the potential claims, is the overall potential recovery to the plaintiff, the estimated time to resolve the case,

and the projected expenses. The amount of the overall potential recovery to the plaintiff is one of the most important factors I take into consideration.

10. Based on the allegations in the Complaint, I would not accept this case on an individual, non-class basis pursuant to a contingency fee agreement. It would not be practicable or economical for a small law firm such as mine to represent an individual consumer in the pursuit of the claims described in the Complaint in arbitration or in court on a contingent fee basis. Based upon my familiarity with other attorneys experienced in handling consumer matters, I do not believe that a claimant would be successful in finding other counsel in California willing to represent him on a contingent fee basis in an individual action.

11. First, in my opinion, the attorney time and effort required to prosecute an individual claim, such as the one set out in the Complaint, on an individual non-class basis in court or arbitration would be substantial. Demonstrating Plaintiff's allegations that Gateway failed to disclose material information that the XHD3000 monitor was defective and would not provide its advertised advanced display and long-term functionality, as alleged, would be time-consuming and challenging.

12. According to the Complaint at paragraph 3, it also appears that the damages Mr. Lima sustained were only approximately $1,638.75. Although the statutory claims in the Complaint may allow for the recovery of attorneys' fees, given the small amount in controversy there would be a substantial risk that a court or arbitrator would not award fees fully compensating an attorney for the time and expense necessary to successfully prosecute the case on an individual basis. Also, in my experience litigating cases against well-represented corporate defendants, I would expect Gateway to vigorously contest any request for attorneys' fees that would fully compensate an attorney for prosecuting this action. These considerations would be a substantial factor in my decision not to accept this case

3
KELLY DECLARATION IN OPPOSITION TO
GATEWAY, INC.'S MOTION TO COMPEL ARBITRATION

on behalf of an individual consumer on a contingency basis. I believe other consumer attorneys would decline to accept this case on an individual, non-class basis for similar reasons.

13. Second, based on my review of the allegations of the Complaint, expert testimony would be necessary to establish, among other things, that the XHD3000 suffered from a defect such that it would not provide advanced display technology and long-term functionality. In my opinion, the costs necessary to retain a qualified expert to analyze the monitor would conservatively begin at several thousand dollars and might reach as high as several tens of thousands of dollars, depending on the difficulty in establishing the reasons for the monitor's failure. Additionally, another expert may be required to opine on whether a reasonable consumer would be deceived by Defendant's representations about the monitor's resolution or lamp life of 50,000 hours. Retaining an expert to opine on this issue, again, would most likely cost several thousands of dollars.

14. Because the potential recovery for an individual consumer in this case is relatively small, and because of the concurrent risk a court or arbitrator would not award a premium attorneys' fee in this case because of the small amount in controversy, I would never agree to advance expert fees on behalf of an individual consumer in this case under a contingency fee arrangement. I cannot think of any other prudent consumer protection attorney who would.

15. I would also decline to accept this case on the basis of an hourly fee arrangement, because the attorneys' fees and costs would dwarf any potential recovery for the Plaintiff. It would not be economically rational for an individual consumer to pay an attorney on an hourly basis to represent him or her in this case. Even setting up a file, meeting with the client, and obtaining relevant documents from the client, might cost more than the total amount in controversy.

16. Finally, Gateway's Warranty Agreement, at Section 7, says that Gateway will only reimburse the Plaintiff for fees paid to the arbitrator (NAF) if the Plaintiff prevails. The warranty agreement does not state that it will reimburse the Plaintiff's attorney fees if the Plaintiff prevails. But even if Gateway did agree to pay attorneys' fees pursuant to the arbitration clause, under the facts of this case, I would still not agree to represent an individual consumer. That is again because of the small amount in controversy and concurrent risk that an arbitrator would not make a premium attorneys' fee award.

17. I believe that other consumer attorneys would decline representation of a case such as this on an individual basis, either on a contingency or hourly fee arrangement, for similar reasons. I frequently speak with other attorneys in California who handle consumer matters and I am familiar with their practices and the types of cases that they will accept. Based upon these discussions and my knowledge of their practices, I do not believe that any of them would handle this case on an individual basis. The slim prospect of a premium attorneys' fee award in this case would not be sufficient to entice a qualified consumer attorney to agree to take such a case. The litigation of the claims in the Complaint is very risky, and the potential benefit to an individual consumer very small.

18. In my opinion, the only type of incentive that would motivate prudent counsel to make the type of investment necessary to prosecute the claims in the Complaint and to take the risks of this litigation are those commonly associated with class action litigation.

//
//
//
//

5
KELLY DECLARATION IN OPPOSITION TO
GATEWAY, INC.'S MOTION TO COMPEL ARBITRATION

1     I declare under penalty of perjury under the laws of the State of California
2 that the foregoing is true and correct, and that this declaration was executed at San
3 Jose, California this 14th day of July 2011.

*[signature: Sheri Kelly]*
Sheri L. Kelly

# EXHIBIT 1

## LAW OFFICE OF SHERI L. KELLY

Sheri Kelly founded her law practice in 2008 and represents clients throughout California. She represents individual consumers who have been harmed by unfair and deceptive business practices, and represents clients in breach of contract actions, commercial torts, and other common law and statutory claims. Ms. Kelly also prosecutes class actions on behalf of persons harmed collectively by common unlawful practices.

Ms. Kelly began her legal career at Cotchett, Pitre, Simon and McCarthy (currently known as Cotchett, Pitre and McCarthy) (CP&M) from 2002 through 2004, where she litigated primarily on behalf of plaintiffs in complex consumer protection, breach of contract, fraud, and other statutory and common law claims. As one example, while at CP&M she represented the San Francisco Unified School District (SFUSD) against a Fortune 250 Company, alleging a massive fraud and negligence in modernizing the heating and lighting systems in the district's schools. That case settled for $43 million on behalf of the SFUSD and earned mention in the National Law Journal's "Plaintiff's Hot List" published on July 20, 2004. As another example, she represented a group of homeowners in Santa Barbara County against Unocal Corporation and a group of local developers who failed to properly remediate land tainted by past oil operations and who allowed a housing development to be built over contaminated soil.

For the next several years prior to starting her own practice, Ms. Kelly worked at nationally recognized class action firms, including Girard Gibbs LLP, successfully obtaining class certification of nationwide class actions while opposing defense counsel from some of the finest defense firms in the country. She has worked on several class action cases, but notable class actions in which she has been significantly involved include:

- *Odom v. Microsoft, Corp. and Best Buy Co., Inc.,* Superior Court of the State of Washington, King County. She was named as co-class counsel representing a nationwide class of consumers, numbering in the hundreds of thousands, alleging unfair business practices by Microsoft Corp. and Best Buy Co., Inc. Under the direction of the managing partner of Girard Gibbs, Daniel Girard, she was also responsible for executing discovery efforts against Best Buy Co., Inc., and ultimately uncovered a discovery fraud leading to the withdrawal of Best Buy's then-counsel. Best Buy's discovery fraud was reported in the June 4, 2007 issue of "The Recorder."

- *In re American Express Financial Advisor Securities Litigation*, U.S. District Court for the Southern District of New York. In that case, Ms. Kelly administered the class notice program to a class of nationwide consumers after the Court issued final approval of a class action settlement of over $100 million.

- *In Re: Reformulated Gasoline (RFG) Antitrust and Patent Litigation,* U.S. District Court for the Central District of California. In that case, Ms. Kelly was a member of the multi-firm litigation team representing a class of California consumers purchasing a certain blend of gasoline, and assisted with the preparation of the motion for preliminary approval of class action settlement.

## LAW OFFICE OF SHERI L. KELLY (CON'T.)

Since founding her own practice, Ms. Kelly served as class counsel in the case, *Gonzalez v. Pacific Specialty Insurance Company*, in Los Angeles County, on behalf of about 1,900 class members. The Court, presided over by the Honorable Emilie H. Elias, granted final approval of a class-wide settlement on May 18, 2009.

Ms. Kelly is class counsel in the case, *Hendleman, et al. v. Los Altos Apartments LP, et al.* pending in Los Angeles Superior Court. Ms. Kelly represents tenants alleging that their Landlord failed to keep his property in habitable condition and wrongfully retaliated against the tenants by demanding excess rent he was not entitled to receive under the threat of potential eviction.

Ms. Kelly is also class counsel in the case, *Long v. Ingenio, Inc.*, pending in the U.S. District Court for the Northern District of California, alleging violations of California's unfair competition laws on behalf of California small business owners purchasing advertising services from Ingenio, Inc., an affiliate of AT&T.

From 2009-10, Ms. Kelly served as Chair for the Ethics and Professionalism Committee of the American Bar Association's ("ABA") Young Lawyers' Division ("YLD"). In 2008-09, she served as Vice-Chair for the General Practice, Solo and Small Firm Committee of the ABA YLD. In 2008-09, Ms. Kelly served on the editorial board for *The Young Lawyer,* published eleven times a year by the ABA YLD. In 2009, Ms. Kelly was the Chair for the Solo and Small Firm Section of the Santa Clara County Bar Association, and from 2008 – 2010 she was the Chair for the Solo and Small Firm Section of the San Francisco Bar Association, Barristers division. Ms. Kelly has also served as a panelist on Continuing Legal Education programs at the Santa Clara County Bar Association concerning legal ethics issues.

In the summer of 2009, Ms. Kelly was featured on the cover of San Francisco Attorney Magazine in connection with an article regarding attorneys leaving their firms and starting their own law practices.

Ms. Kelly is a graduate of the University of California, Hastings College of the Law (2003) and the University of California, Berkeley (1997). At Berkeley, she was a member of the speech and debate team. At Hastings, she was the Executive Editor of the Hastings Women's Law Journal, and served as a judicial extern to the Honorable James R. Lambden of the California Court of Appeal, First District. Ms. Kelly has been licensed to practice law since December 2003 when she became a member of the California Bar (SBN 226993).