Rosemary M. Rivas (Cal. Bar No. 209147)
Email: rrivas@finkelsteinthompson.com
Danielle A. Stoumbos (Cal. Bar. No. 264784)
dstoumbos@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone (415) 398-8700/Facsimile (415) 398-8704

Gordon M. Fauth, Jr. (Cal. Bar No. 190280)
Email: gmf@classlitigation.com
Alexis A. Phocas (Cal. Bar No. 194481)
Email: aap@classlitigation.com
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone (510) 238-9610/Facsimile (510) 337-1431

*Attorneys for Individual and Representative Plaintiff Mark D. Lima*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC.,<br><br>Defendant. | Case No. SACV09-01366 DMG (MLGx)<br><br>Assigned for all purposes to Hon. Dolly M. Gee<br><br>**DECLARATION OF MARK D. LIMA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO GATEWAY, INC'S MOTION TO COMPEL ARBITRATION**<br><br>Date:　　　　August 12, 2011<br>Time:　　　　3:00 p.m.<br>The Honorable:　Dolly M. Gee<br>Ctrm:　　　　7 |

DECLARATION OF MARK D. LIMA ISO PLAINTIFF'S OPP. TO
GATEWAY'S MOTION TO COMPEL ARBITRATION

| | |
|---|---|
| GATEWAY, INC., a Delaware corporation,<br><br>            Third-Party Plaintiff,<br><br>   v.<br><br>TOP VICTORY INVESTMENTS LIMITED, a Hong Kong corporation,<br><br>            Third-Party Defendant. | Complaint Filed:  October 16, 2009<br>FACC Filed:       February 24, 2010 |

DECLARATION OF MARK D. LIMA ISO PLAINTIFF'S OPP. TO
GATEWAY'S MOTION TO COMPEL ARBITRATION

I, Mark D. Lima, declare and state as follows:

1.     I am the named plaintiff in the above-entitled action. I submit this declaration in support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration. I have personal knowledge as to the facts stated in this declaration. If called as a witness I could and would competently testify to the truth of the facts stated in this declaration.

2.     I am over the age of 18 and reside in Allentown, Pennsylvania.

3.     To the best of my knowledge and recollection, in March 2008, I purchased a Gateway XHD3000 30-inch LCD monitor ("monitor") for $1,638.75 by placing a telephone order. During this call, I do not recall any mention that I was waiving any rights to a jury trial or to participate in a class action.

4.     To the best of my knowledge and recollection, I received a Receipt of Purchase ("Receipt") for my Gateway monitor in the mail after my purchase. Attached hereto as Exhibit A is a true and correct copy of the Receipt. No other documents were attached to the Receipt.

5.     To the best of my knowledge and recollection, I received my monitor several weeks after I made my purchase. The monitor was packaged in a box that also contained other documents, including an owners' manual. I do not recall the specific titles of the other documents in the monitor's box, but I do not recall reviewing any documents entitled "Terms and Conditions of Sale" or "Gateway One Year Limited Warranty."

6.     In 2009, after I encountered repeated problems with my monitor, I called Gateway's customer service department. I do not recall that I reviewed any Gateway warranty documents prior to this call although I believed my monitor may have been covered under some sort of warranty. Gateway refused to repair my monitor and stated it was outside the warranty. Gateway offered to replace my computer with a $200 Acer monitor, but I declined this offer.

- 1 -

DECLARATION OF MARK D. LIMA ISO PLAINTIFF'S OPP. TO GATEWAY'S MOTION TO COMPEL ARBITRATION

7. In the fall of 2009, I contacted Mr. Alexis Phocas and Mr. Gordon Fauth of Litigation Law Group with regard to the problems I was experiencing with the monitor. Thereafter, I retained the law firms of Finkelstein Thompson LLP and Litigation Law Group to represent me and all others similarly situated consumers in a class action against Defendant Gateway, Inc. over its misrepresentations relating to the XHD3000 monitor.

8. My understanding is that my damages in this case are considerably outweighed by the costs I would be required to expend to prove my case in arbitration. Moreover, a principal reason I decided to bring this case is to force Gateway to cease advertising its monitors in a deceptive manner and to refund other consumers who similarly bought a monitor that did not comply with Gateway's representations.

9. I lack the skills to prepare the case for arbitration. Without the representation of experienced counsel, I do not feel I could adequately prove that the monitor did not work as advertised out of the box, or prove how the monitor did not perform as advertised. My understanding is that in order to prove my case at arbitration, I would need to hire both a lawyer to prove my claims and a computer hardware expert to analyze the monitor and its electronic circuitry and establish that the monitor was defective in its inception and design and incapable of performing as represented.

10. My understanding is that a lawyer would most likely charge me based on an hourly fee, for a total of thousands of dollars; and that an expert would require a retainer and most likely would charge $200 an hour or more for troubleshooting the monitor, again totaling thousands of dollars. Given the amount of damages in my case, it would be irrational for me to hire a lawyer and expert and take this matter to arbitration. Even if it were economically rational, I would not be able to afford the lawyer and expert fees needed to bring the case to arbitration. Furthermore, it is my understanding that, in arbitration, I would not be able to obtain a permanent injunction stopping Gateway's illegal practices with respect to other consumers or an order requiring Gateway to provide

- 2 -
DECLARATION OF MARK D. LIMA ISO PLAINTIFF'S OPP. TO GATEWAY'S
MOTION TO COMPEL ARBITRATION

restitution or repair to all affected customers – a significant motivation for me in bringing this case.

I declare under penalty of perjury under the laws of the United States of America, Pennsylvania and California that the foregoing facts are true and correct. Executed this 14th day of July 2011 in Allentown, Pennsylvania.

_____
Mark D. Lima

- 3 -

DECLARATION OF MARK D. LIMA ISO PLAINTIFF'S OPP. TO GATEWAY'S MOTION TO COMPEL ARBITRATION