Rosemary M. Rivas (Cal. Bar No. 209147)
Email: rrivas@finkelsteinthompson.com
Danielle A. Stoumbos (Cal. Bar. No. 264784)
dstoumbos@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone (415) 398-8700/Facsimile (415) 398-8704

Gordon M. Fauth, Jr. (Cal. Bar No. 190280)
Email: gmf@classlitigation.com
Alexis A. Phocas (Cal. Bar No. 194481)
Email: aap@classlitigation.com
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone (510) 238-9610/Facsimile (510) 337-1431

*Attorneys for Individual and Representative Plaintiff Mark D. Lima*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC.,<br><br>Defendant. | Case No. SACV09-01366 DMG (MLGx)<br><br>Assigned for all purposes to<br>Hon. Dolly M. Gee<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO GATEWAY, INC'S MOTION TO COMPEL ARBITRATION**<br><br>Complaint Filed: November 23, 2009<br>FACC Filed: January 22, 2010 |

| | |
|---|---|
| 1 | GATEWAY, INC., a Delaware corporation, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5 | TOP VICTORY INVESTMENTS LIMITED, a Hong Kong corporation, |
| 6 | |
| 7 | Third-Party Defendant. |

### I. Gateway Has Not Met Its Burden to Prove that An Agreement to Arbitrate Exists

The Court was correct to ask the parties to brief the "issue of contract formation," as a court may not assume that the parties agreed to arbitrate without "clear and unmistakable" evidence that they did so. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). The burden is on the party compelling arbitration, which has been described as an initial "summary-judgment like" burden. *In re Mercury Const. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981); *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1336 (D. Kan. 2000). Gateway ("GW") has not met its burden.

#### A. The Parties' Contract Was Only for the Purchase of the Monitor and was Formed at the Time of Plaintiff's Telephone Order

Article 2 of the Uniform Commercial Code ("UCC"), codified by California's Commercial Code, applies in this case because a "sale of goods" is involved.[1] Under California law, a contract was formed when Plaintiff placed a telephone order to buy the Monitor, paid with his credit card, and GW provided shipment.[2] Cal. Com. Code § 2206[3]; *see also Klocek*, 104 F. Supp. 3d at 1338,

---

[1] The Monitor Lima bought was "movable at the time of identification to the contract for sale," and therefore is a "good" under Cal. Com. Code § 2105. Generally, the Code applies to transactions between "buyers" and "sellers" unless otherwise specified as "between merchants." *See* Cal. Com. Code § 2103 ("Buyer" means a person who buys or contracts to buy goods); Cal. Com. Code § 2104 ("'Between merchants' means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants"); Cal. Com. Code § 2207 (describing the rule between buyers and sellers and then expressly stating the rule as applicable between merchants.").
[2] *See* Declaration of Mark D. Lima in Support of Plaintiff's Opposition to Gateway's Motion to Compel Arbitration ("Lima Decl.") at ¶¶ 3-5.

1

P'S SUPP. BRIEF IN OPP. TO D'S MTC ARB.
SACV09-01366 DMG (MLGx)

1340 (applying UCC and stating: "the parties agree that plaintiff paid for and received a computer from GW. This conduct clearly demonstrates a contract for the sale of a computer."); *see also Arizona Retail Sys., Inc. v. Software Link, Inc.*, 831 F.Supp. 759, 765 (D. Ariz. 1993).

**B.  GW's DRP Constituted a Proposal for Additional Terms**

Cal. Com. Code § 2207[4] applies when a party to an oral contract sends a written memorandum containing additional terms after an oral contract has been entered into. *Id.* and Official Comment Nos. 1-3.[5] Under Section 2207, additional terms constitute a counter-offer only if "expressly made conditional on assent to the additional or different terms[.]" Cal. Com. Code § 2207(1). Otherwise, additional terms that materially alter the original bargain do not become part of the contract unless there is reasonable notice and express assent to them. Cal. Com.

---

[3]Cal. Com. Code § 2206(b) states that "an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment[.]"

[4]Cal. Com. Code § 2207 states in relevant part: "(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms . . . (2) The additional terms are to be construed as proposals for addition to the contract[.]"

[5]Section 2207's purpose was to displace the unjust results of the common law "mirror image" rule and "last shot" doctrine. *See Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1443-1444 (9th Cir. 1986). Under the mirror image rule, acceptance with varying terms is a counteroffer, but if the offeror continues under the contract, his actions are construed as acceptance of the additional terms. *Id.* at 1443. Thus, the person to send the last written confirmation chooses all the terms simply because it fired the "last shot" in the exchange of forms. *Id.* at 1444. UCC § 2-207 avoids this unjust result by disallowing parties to sneak additional terms into the agreement. *Id.* at 1443-1444.

Code § 2207 and Official Comment No. 3. Rather, the additional terms are "mere proposals". Cal. Com. Code § 2207(2); *see also Textile Unlimited Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 787-88 (9th Cir. 2001); *but see Klocek*, 104 F.Supp.2d at 1341 (under UCC § 2-207 in cases involving a non-merchant only need to show lack of express consent). There is no evidence here that at the time of sale, GW informed Lima that the transaction was conditioned on express assent to the DRP. *Klocek,* 104 F.Supp.2d at 1340-41.

### 1. The Addition of the DRP was a Material Alternation

GW's DRP, contained in the Warranty sent with the Monitor after the contract was formed, materially altered the original bargain and thus required Plaintiff's express assent. *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972) (arbitration clause material); *see also Marlene Indus., Corp., v. Carnac Textiles, Inc.*, 45 N.Y.2d 327, 333 (N.Y. 1978) (same).

### 2. GW Did Not Provide Reasonable Notice or Obtain Plaintiff's Express Assent

GW tacitly acknowledges that reasonable notice is required when it claims that the customer service representative advised Lima of the Warranty during the telephone order. GW, however, has not produced a copy of the script used by the representative (which Plaintiff asked for in discovery), a recording of the telephone order, much less an affidavit by a person with personal knowledge testifying that the terms of the DRP were disclosed to Lima and that he expressly assented to them. The affidavit from GW's customer service and support manager is insufficient. *See Hergenreder v. Bickford Senior Living Group, LLC*, ---F.3d----, 2011 WL 3805613, *3 (6th Cir. Aug. 30, 2011) (VP's affidavit that arbitration clause was distributed to all employees insufficient notice; arbitration denied).

The only evidence we have in the case is (1) the Receipt of Purchase[6]; and (2) the actual Warranty itself, which GW admits was enclosed with the Monitor. Under the applicable cases, there was no reasonable notice or express assent. *See Diamond Fruit Growers*, 794 F.2d at 1441, 1445 (no notice of, or express assent to, terms printed on the back of sellers' form sent to buyer, notwithstanding statement "SEE REVERSE SIDE FOR TERMS AND CONDITIONS OF SALE" on front of form); *Windsor Mills*, 25 Cal. App. 3d at 989-90, 995 (no notice of, or express assent to, arbitration clause buried in small print on back of form notwithstanding statement "this order is given subject to all of the terms and conditions on the face and reverse sides hereof including the provisions for arbitration"); *see also Commercial Factors Corp. v. Kurtzman Bros.*, 131 Cal. App. 2d 133, 134, 136 (1955) (no notice of, or express assent to, arbitration clause on back of form that buyer signed because copy of the form was not provided to buyer at time of purchase but instead mailed).[7] Just as the plaintiffs in *Diamond Fruit Growers*, *Windsor Mills*, *Specht* and *Commercial Factors* did not receive reasonable notice of, or expressly assent to, the arbitration clauses buried in small print, inconspicuously placed on the back of forms, at the end of web pages and mentioned in passing, there was no reasonable notice of or express assent to the

---

[6] The Receipt of Purchase states in part: "Limited Warranties and service agreement apply, visit gateway.com/warranty or call 800-846-2000 for a copy." Lima Decl., Exh. A. GW sent this to Lima after the contract was formed. It does not mention the DRP or state that Lima's express assent is required.

[7] Further, there is no evidence that Plaintiff saw any purported disclosure on Gateway's website. In any event, such a disclosure is also insufficient. *Specht v. Netscape Commc'n Corp.*, 306 F.3d 17, 30-31 (2nd Cir. 2002) (applying California law and holding no notice or assent to arbitration provision in warranty agreement contained in hyperlinks at bottom of webpage).

DRP here provided after the contract's formation.

GW also claims that Plaintiff accepted the DRP because he did not return the product within 15 days as required by the Warranty. California courts and others around the country have rejected the argument that such inaction or silence qualifies as express and unambiguous assent. *See, e.g., Textile Unlimited, Inc.*, 240 F.3d at 783, 788 (no express assent to arbitration clause despite requirement that buyer reject goods); *see also Klocek*, 104 F. Supp. 2d at 1341 (express assent not presumed from failure to return Gateway product).[8]

### C. GW's Cases are Inapposite

The cases GW relies on are misplaced. For example, as the district court in *Klocek* stated with regard to *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996) and *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147 (7th Cir. 1997): "In each case the Seventh Circuit concluded, without support that UCC § 2-207 was irrelevant because the cases involved ***only one written form***. . . . This conclusion is not supported by [2-207] or [applicable state law]." *Klocek*, 104 F. Supp. 2d at 1339 (internal citations omitted) (emphasis added). Similarly here, Cal. Com. Code § 2207 applies where an oral agreement is followed by "one or both" of the parties sending written confirmation containing additional terms. Cal. Com. Code § 2207 Official Comment No. 1; *Arsape v. JDS Uniphase Corp.*, No. C 03-4535 JW, 2005

---

[8] Gateway also argues that Plaintiff cannot avoid the terms of a contract even if he did not read the contract. However, when a party is unaware that a proposal has been made, he is not bound by inconspicuous contractual provisions of which he was unaware. *See Windsor Mills*, 25 Cal.App.3d at 993; *see also Metters v. Ralphs Grocery Co.*, 161 Cal. App. 4th 696, 699-702 (2008) (employee not bound to arbitration clause in form he signed because the form did not look like a contract and did not call his attention to the arbitration provision).

WL 2989296 (N.D. Cal. Nov. 3, 2005) (applying § 2207 where one written confirmation followed oral contract). Thus, *ProCD* and *Hill* are unhelpful.[9] The other cases GW relies on are distinguishable because they did not involve a sale of goods, the UCC, or perform any analysis of contract formation.[10]

Even outside the Commercial Code context, inaction or silence does not equate to assent to terms of which a party is unaware. *See, e.g., Gentry v. Superior Court*, 42 Cal. 4th 443, 467 (2007) ("an offeror has no power to cause the silence of the offeree to operate as an acceptance when the offeree does not intend it to do so"); *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 785, 795 (1998) (clear and mutual consent is required for a contract modification and the dispute resolution terms not clearly defined); *Windsor Mills*, 25 Cal.App.3d at 993.

---

[9] Several legal commentators have criticized the *ProCD* and *Hill* decisions as ignoring the "time of sale" as the formation of the contract and misapplying UCC § 2-206. *See* Kristin Johnson Hazelwood, *Let the Buyer Beware: The Seventh Circuit's Approach to Accept-or-Return Offers*, 55 WASH. & LEE L. REV. 1287, 1320 (1998); Jean R. Sternlight, *Gateway Widens Door to Imposing Unfair Binding Arbitration on Consumers,* FLA. BAR. J., Nov. 1997 at 8, 10-12 (*Hill* questionable under contract law); Thomas J. McCarthy, et al., *Survey: Uniform Commercial Code*, 53 BUS. LAW. 1461, 1465-55 (Seventh Circuit finding that UCC § 2-207 inapplicable inconsistent with official comment).

[10] *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) (no sale of goods); *Bischoff v. DirecTV, Inc.*, 180 F. Supp.2d 1097, 1014 ("a sale of goods situation, where the terms are added to the parties' agreement at a later time, is entirely different than the case at hand"); *Murphy v. DirecTV, Inc.*, No 2:07-CV-06465, 2011 WL 3319574, at *2 (C.D. Cal. Aug. 2, 2011) (same); *Novell v. Unicom Sales, Inc.*, No. C-0302785, 2004 WL 1839117, at *11 (N.D. Cal. Aug. 17, 2004) (no sale of goods); *Zarandi v. Alliance Data Sys. Corp.*, No. CV 10-8309, 2011 WL 1827228, at *2 (C.D. Cal. May 9, 2001) (no sale of goods involved); *Datel Holding Ltd., v. Microsoft*, 712 F.Supp.2d 974, 988-989 (N.D. Cal. 2010) (no analysis of § 2207).

6

P'S SUPP. BRIEF IN OPP. TO D'S MTC ARB.
SACV09-01366 DMG (MLGx)

## II. Plaintiff Never Availed Himself of the Warranty

Estoppel applies where a party "consistently" seeks benefits under the contract but then attempts to avoid a provision of the same contract. *See, e.g., Pullen v. Victory Woodwork, Inc.*, No. 2:07-CV-00417, 2007 WL 1847633, at *3 (E.D. Cal. Jun. 27, 2007). The Warranty covers calls to "Technical Support" to "resolve problems with defects." DPR at ¶ 1. Plaintiff's *one* call to GW's "customer service department" in May 2008 involved the Monitor's settings and not a defect.[11] Even had Plaintiff availed himself of the Warranty, under Cal. Civil Code § 1589 a party benefiting from a transaction only assents to the "facts that are ***known, or ought to be known, to the person accepting***." *Id.* (emphasis added). As discussed herein, Lima had no notice of and did not assent to the DRP.

## III. All Issues Presented Are Properly Before This Court

The Court should ignore or strike Part II of GW's supplemental brief as it addresses issues outside the scope of the Court's order to specifically address "the question of contract acceptance." Civil Minutes, dated August 10, 2011. The cases GW has cited, *Momot v. Mastro*, --F.3d--, 2011 WL2464781 (9th Cir. (Nev.) June 22, 2011) and *Rent-A-Center v. Jackson*, 130 S.Ct. 2772, 2777 (2010), do not analyze contract formation. Also, unlike the arbitration clauses in *Momot* and *Rent-A-Center*, the DRP here does not "clearly and unmistakably" provide the arbitrator with the exclusive determination of enforceability (compare clause in *Rent-A-Center*, at 2777 with Hogan Decl., Exh. A at 2). Since GW did not raise this issue in its opening and reply briefs, GW waived the argument. *U.S. ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D.Cal. 2000).

Based on the foregoing reasons and those stated in Plaintiff's other papers, Plaintiff respectfully requests that the Court deny GW's arbitration motion.

---

[11] *See* Hogan Decl. ¶ 18; D's Supp. Brief at 5, n2.

7

P'S SUPP. BRIEF IN OPP. TO D'S MTC ARB.
SACV09-01366 DMG (MLGx)

DATED: September 7, 2011

Respectfully submitted,

**FINKELSTEIN THOMPSON LLP**

By: /s/ Rosemary M. Rivas
      Rosemary M. Rivas

Mark Punzalan
Danielle A. Stoumbos
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Gordon M. Fauth, Jr.
Alexis Phocas
**LITIGATION LAW GROUP**
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone (510) 238-9610
Facsimile (510) 337-1431

*Counsel for Individual and Representative Plaintiff Mark D. Lima*