UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GATEWAY, INC., a Delaware Corporation,<br><br>　　　　Defendant.<br>_____<br>GATEWAY, INC.,<br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>TOP VICTORY INVESTMENTS LIMITED,<br><br>　　　　Third-Party Defendant. | Case No. SACV-09-1366 DMG (MLGx)<br><br>**ORDER GRANTING MOTION FOR: (1) CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES; (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) APPROVING FORM AND DISSEMINATION OF CLASS NOTICE [108]** |

Plaintiff Mark Lima, on his behalf and on behalf of a proposed settlement class, and Defendant Gateway, Inc., have entered into a Stipulation of Settlement and Release ("Settlement", "Stipulation" or "Settlement Agreement") intended to finally resolve this litigation;

WHEREAS, the Settlement Agreement, together with the exhibits thereto ("the Settlement Documents"), set forth the terms and conditions for a proposed settlement and dismissal of this Litigation with prejudice upon the terms and conditions set forth therein ("the Settlement");

WHEREAS, Plaintiff's Counsel, the law firms of Finkelstein Thompson LLP and Litigation Law Group, have conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims to determine the strength of both defenses and liability sought in the Litigation, including extensive pretrial discovery, and briefing on a motion to dismiss and a motion to compel arbitration, research as to the sufficiency of the claims and appropriateness of class certification, and an evaluation of the risks associated with continued litigation, trial, and/or appeal;

WHEREAS, the Parties reached the settlement as a result of extensive arms' length negotiations that occurred over the course of several months of negotiations and disputes, and counsel for the Plaintiff are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Litigation;

WHEREAS, the settlement terms confer substantial benefits upon the Class, particularly in light of the damages that Plaintiff and his counsel believe are potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal;

WHEREAS, the Court has before it and has reviewed Plaintiff's motion for preliminary approval, the Settlement Agreement, along with supporting memoranda, declarations, and exhibits;

WHEREAS, the Parties having made an application, pursuant to the Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement;

WHEREAS, the Court having read and considered the Stipulation, including the exhibits attached thereto, Plaintiff's motion for preliminary approval and supporting materials, and all files, records, and prior proceedings to date in this matter and good cause appearing based on the record,

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. <u>Defined Terms</u>.  For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

2. <u>Stay of Proceedings</u>.  Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are hereby stayed.

3. <u>Class Definition</u>.  The Court hereby certifies the following Class for settlement purposes only:

> All persons or entities in the United States who are original purchasers of a Gateway 30" XHD 3000 LCD Monitor.  Excluded from the Class are:  (a) the officers, directors, and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors, and assigns; (b) the officers, directors and employees of any parent, subsidiary, or affiliate of either the Defendant or any business entity in which the Defendant owns a controlling interest, together with those individuals' immediate family members; (c) Counsel for Defendant and their immediate family members; (d) Governmental entities; (e) Persons and entities who timely and properly exclude themselves form the Class as provided in the Stipulation; and (f) the Court, the Court's

immediate family, and Court staff.

4. <u>Provisional Class Certification for Settlement Purposes Only.</u> The Court preliminary concludes that, for purposes of settlement only, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) Plaintiff's claims are typical of the claims of the members of the proposed Class; (d) Plaintiff Mark Lima and Class Counsel will fairly and adequately protect the interests of the members of the Class; and (e) common questions of law or fact predominate over any individual issues.

The Court also concludes that, because this Litigation is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. <u>Termination of Settlement.</u> The certification of the Class is contingent on and for the purposes of settlement only. If the Settlement Agreement does not become final for any reason, Plaintiff and Gateway shall be restored to their respective positions as if no settlement agreement had been reached. Moreover, if the Settlement Agreement does not become final for any reason, Gateway shall not have waived any objections it may have or may have asserted to the certification of any class.

6. <u>Class Representative and Class Counsel.</u> Plaintiff Mark Lima is hereby appointed as the Class Representative, and the law firms of Finkelstein Thompson LLP and Litigation Law Group are appointed as Class Counsel.

7. <u>Settlement Agreement.</u> Upon review of the record, including the motion for preliminary approval and the Settlement Agreement, the Court finds that the Settlement Agreement, which includes a cash payment of $195 to each original

purchaser of a Gateway 30" XHD 3000 LCD Monitor, allocation of the costs of notice and settlement administration, payments for any attorneys' fees, costs and any incentive award, and other costs pursuant to the terms of the Settlement Agreement to Gateway, in exchange for, *inter alia*, dismissal of this Litigation with prejudice and certain releases of claims with respect to Gateway and the Settlement Class Members as set forth in the Settlement Agreement, was arrived at by arm's length negotiations by highly experienced counsel after four years of litigation, falls within the range of possible approved settlements and reasonableness, and is hereby preliminarily approved, subject to a hearing and further evaluation by this Court on final approval (the "Final Approval Hearing").

8. <u>Fairness Hearing</u>.  The Court will hold the Final Approval Hearing pursuant to Federal Rule of Civil Procedure ("FRCP") 23(e) on February 27, 2015 at 9:30 a.m.  The Final Approval Hearing will be held to determine the following:

(a) Whether the Settlement Agreement is fair, reasonable and adequate and should be granted final approval by the Court pursuant to FRCP 23(e);

(b) Whether a final judgment should be entered dismissing the claims of Plaintiff and the Class Members against Gateway with prejudice as required by the Settlement Agreement; and

(c) Such other matters as the Court may deem appropriate.  Further, on that same date, the Court will hold a hearing pursuant to FRCP 23(h)(l) and 54(d)(2) on the request for attorneys' fees, reimbursement of expenses, and an incentive award to determine the following:

    (1) Whether the requested attorneys' fees are fair and reasonable in light of Class Counsel's efforts in obtaining the benefits on behalf of the Class pursuant to the Settlement in this Litigation;

    (2) Whether the requested incentive award for Plaintiff for his efforts in obtaining relief for the Class is warranted; and

(3) Such other matters as the Court may deem appropriate.

9. <u>Class Notice.</u>  The form and content of the Long Form Class Notice and the Summary Class Notice (collectively "Class Notice"), attached as Exhibits 2 and 3 to Exhibit B of the Declaration of Rosemary M. Rivas in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement [Doc. # 108-1], and the notice methodology, described in the Settlement Agreement, Notice Plan, and the Declaration of Alan Vasquez, are hereby approved.  Within fifteen (15) days of the entry of this Order, the Long Form Class Notice and the Claim Form shall be mailed by the Settlement Administrator via first class U.S. mail and/or electronic mail, to members of the Class at the physical and/or email addresses identified in the records provided by Gateway (which email and physical addresses have been updated by the Settlement Administrator, including through the use of address tracing services), as well as at the email and physical addresses provided by members of the Class directly to Class Counsel.  Additionally, for the Class members for whom Gateway and Class Counsel do not have the direct contact information, publication of the Class Notice, including through print and Internet publication, will begin within fifteen (15) days of the entry of this Order and will be completed by the end of the claims deadline.  Class Counsel shall also cause copies of the Class Notice and the Settlement Agreement to be posted on the Settlement Website (www.gatewayXHD3000monitor.com), and as indicated in the Class Notice, other relevant case documents, such as the attorneys' fees and expenses motion, shall be accessible at the website.

10. <u>Administration.</u>  The Court hereby approves of the Parties' selection of Gilardi & Co. LLC to serve as the Settlement Administrator, to be responsible for: (a) establishing a P.O. Box, website, and toll-free phone number (to be included in the Class Notice to the Class; (b) mailing via U.S. mail and/or electronic mail the Long Form Notice; (c) publication of the Class Notice pursuant to the Notice Plan;

(d) accepting and maintaining documents sent from members of the Class including opt-out forms, Claim Forms, and other documents relating to claims administration; (e) compiling and providing records relating to Requests for Exclusion; (f) providing Class Counsel and Counsel for Defendant with information about Claim Forms; (g) consulting with Class Counsel and Counsel for Defendant as to the validity of Claim Forms; (h) processing Claim Forms and making payment distributions to Class Members in association, as needed, with other professionals; and (i) any other tasks reasonably required to effectuate the foregoing.

11. <u>Findings Concerning Notice</u>.  The Court finds that this manner of giving notice fully satisfies the requirements of FRCP 23 and due process, including the "best notice that is practicable under the circumstances" standard of FRCP 23(c)(2)(B), the "notice in reasonable manner" standard of FRCP 23(e)(1), and the "directed to class members in a reasonable manner" standard of FRCP 23(h)(l), and constitutes due and sufficient notice to all persons entitled thereto.

12. <u>Proof of Compliance Deadlines.</u>  Class Counsel shall file proof of compliance with Paragraph 9 of this Order.  Such proof of compliance shall be filed no later than January 23, 2015.

13. <u>Exclusion from Class.</u>  If any members of the Class does not wish to participate in the Settlement, they may exclude themselves.  In order to opt-out, members of the Class must complete and send a written Request for Exclusion via U.S. mail to the Class Action Settlement Administrator at [an address supplied by the Settlement Administrator] that is post-marked no later than February 6, 2015.  The Request for Exclusion must be personally signed and must contain a statement that indicates a desire to be excluded from the Class.  So-called "mass" or "class" opt-outs shall not be allowed.  Any member of the Class who does not opt out of the settlement in the manner described shall be deemed to be a Class Member.

14. <u>Objections and Appearances</u>.  As provided in the Class Notice, each

Class Member shall have the right to comment in support of or in objection to the Settlement Agreement, and/or the request for attorneys' fees, reimbursement of expenses, and incentive award, by serving written comments or written objections on Class Counsel as provided in the Class Notice no later than February 6, 2015, copies of which shall be served on Counsel for Defendant as listed in the Class Notice by that same date.  Failure to timely file and serve written objections on or before February 6, 2015 will preclude a Class Member from objecting at the Hearing on Final Approval of the Settlement Agreement, or the request for attorneys' fees, reimbursement of expenses, and incentive award.

15.    Any Class Member who does not make his or her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement, or to the award of attorney's fees and expenses to Class Counsel, and the request for incentive payments, unless otherwise ordered by the Court.  The manner in which a notice of objection shall be prepared, filed, and delivered shall be stated in the Class Notice.

16.    <u>Deadline to Submit Claim Forms</u>.  Class Members shall submit their Claim Forms within 195 days of the entry of this Order.

17.    <u>Briefing Deadlines</u>.  All briefs, memoranda, and supporting papers in support of final approval of the Settlement Agreement shall be filed no later than January 23, 2015 (briefs should also include copies of objections received by Class Counsel and responses to objections, if any, to the Settlement Agreement).  Further, all briefs, memoranda, and papers supporting the request for attorneys' fees, reimbursement of expenses, or an incentive award shall be filed no later than that same date.  The Parties shall file supplemental briefing, including responses to any objections received, at least 14 days before the Final Approval Hearing.

18. <u>Retaining Jurisdiction</u>. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or in connection with the Settlement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

19. <u>Use of Settlement</u>. In accordance with the Settlement Agreement, neither the agreement itself or related agreements, nor any and all of the negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiff, Gateway, any of the Released Parties, any member of the Class, or any other person of the truth of any of the allegations in the Litigation and of any liability, fault, or wrongdoing of any kind.

**IT IS SO ORDERED.**

DATED: November 7, 2014

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE