# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. LIMA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATEWAY, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: SACV-09-1366 DMG (MLGx)<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT[114]** |
| GATEWAY, INC. a Delaware Corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>TOP VICTORY INVESTMENTS LIMITED,<br><br>Third-Party Defendant. | |

WHEREAS, Representative Plaintiff Mark Lima ("Plaintiff") on behalf of himself and all others similarly situated, and Defendant Gateway, Inc. ("Defendant" or "Gateway") entered into a Stipulation of Settlement and Release, filed with the Court on October 17, 2014 (the "Settlement Agreement").

WHEREAS, on October 17, 2014, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement.

WHEREAS, on November 7, 2014, the Court entered an order granting preliminary approval that, among other things, (1) certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for settlement purposes only, a class defined as: All persons or entities in the United States who are original purchasers of a Gateway 30" XHD 3000 LCD Monitor.  Excluded from the Class are:  (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either the Defendant or any business entity in which the Defendant owns a controlling interest, together with those individuals' immediate family members; (c) Counsel for Defendant and their immediate family members; (d) Governmental entities; (e) Persons and entities who timely and properly exclude themselves from the Class as provided in the Stipulation; and (f) the Court, the Court's immediate family, and Court staff;  (2) appointed named Plaintiff Mark Lima as Class Representative for settlement purposes; (3) appointed Plaintiff's Counsel, Finkelstein Thompson LLP and Litigation Law Group, as Class Counsel for settlement purposes; and (d) preliminarily found that the Settlement Agreement appears sufficient, fair, reasonable and adequate, and contains no obvious deficiencies and the parties have entered into the Settlement Agreement in good faith, following arm's length negotiation between their respective counsel.

WHEREAS, on January 23, 2015, Plaintiff filed a Motion for Final Approval of Class Action Settlement, and a Motion For Award of Attorney Fees and Costs, and Service Award.

NOW, THEREFORE, having reviewed and considered the submission presented with respect to the settlement set forth in the Stipulation of Settlement and Release ("Settlement" or "Settlement Agreement") and the record in these proceedings, having heard and considered the evidence presented by the parties, having determined that the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class, the application of Class Counsel for an award of fees and costs, and service award separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Settlement Agreement is hereby incorporated by reference into this Order as if explicitly set forth herein and shall have the full force of an Order of this Court.

2. The Court has jurisdiction over the subject matter of this litigation, the parties, and all persons within the Class.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and this Court's Preliminary Approval Order, for the purposes of settling the claims against Defendant in accordance with the Settlement Agreement, the following persons are members of the Class: All persons or entities in the United States who are original purchasers of a Gateway 30" XHD 3000 LCD Monitor. Excluded from the Class are: (a) the officers, directors and employees of any entity which is or has been a Defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of either the Defendant or any business entity in which the Defendant owns a controlling interest, together with those individuals' immediate family members; (c) Counsel for Defendant and their immediate family members; (d) Governmental entities; (e) Persons and entities who timely and properly exclude themselves from the Class as provided in the Stipulation; and (f) the Court, the Court's immediate family, and Court staff.

4. The Court has considered the single objection to the settlement and does not find it meritorious. The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Class members in connection with the settlement set forth in the Settlement Agreement.

5. The Court finds the settlement, providing a cash payment of $195 for each original purchase of a Gateway 30" XHD 3000 LCD Monitor to Class members who submit valid Claim Forms, as set forth in the Settlement Agreement, is in all respects, fair, adequate, reasonable, proper, and in the best interests of the Class, and is hereby approved.

6. Plaintiff's Motion for Final Approval of Class Action Settlement is hereby GRANTED. The settlement is approved and found to be, in all respects, fair, reasonable, adequate and in the best interests of the Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that final approval of the settlement is warranted in light of the following factors:

   i. The strength of Plaintiff's case;
   ii. The risk, expense, complexity, and likely duration of further litigation;
   iii. The risk of maintaining class action status throughout trial;
   iv. The amount offered in settlement;
   v. The extent of discovery completed and the stage of the proceedings; and
   vi. The experience and views of counsel.

*Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-76 (9th Cir. 2004); citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The Court further finds that the settlement is the product of good faith negotiations at arm's length, after thorough factual and legal investigation, and is not the product of fraud or collusion. *See Officers for Justice v. Civil Servo Comm'n of the City and County of San Francisco*, 688 F.2d 615,625 (9th Cir. 1982). The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3
ORDER GRANTING FINAL APPROVAL
CASE NO. SACV-09-1366 DMG

7.     Upon the Effective Date hereof, Plaintiff and each of the Class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against each and all of the Released Parties, whether or not such Class Member executes and delivers a valid Claim Form. All Class members are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Released Parties.

8.     The Court hereby awards and orders Gateway to pay Class Counsel $620,000.00 in total for attorneys' fees and costs payable to Finkelstein Thompson LLP and Litigation Law Group. The Court hereby further awards and orders Gateway to pay an amount of $8,000 to the Plaintiff Mark Lima.  These payments are to be paid in accordance with the terms of the Settlement Agreement.

9.     The Litigation, inclusive of only the suit brought by Plaintiff and excluding the third-party complaint filed by Gateway against Top Victory Investments, Ltd., is dismissed with prejudice and, except as provided herein or in the Settlement Agreement, without costs.

**IT IS SO ORDERED**.

DATED:  June 5, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE